**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52563**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 6, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL PATRICK MARTIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of twelve years, for aggravated battery, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed; case remanded for correction to and distribution of presentence investigation report.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Michael Patrick Martin pled guilty to aggravated battery, Idaho Code §§ 18-903(a), 18-907(1)(b). In exchange for his guilty plea, additional charges were dismissed. At the sentencing hearing, the State informed the district court of errors in the presentence investigation report (PSI). Specifically, there were fourteen pages in the PSI that did not apply to Martin.[1] Martin had no objection to the district court redacting those pages and the district court agreed to

---

[1] At sentencing, pages 198 through 212 of the PSI were identified as the pages that did not belong in Martin's PSI.

1

make the corrections. The district court sentenced Martin to a unified term of fifteen years with twelve years determinate. Martin then filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Martin appeals, contending that the district court abused its discretion by failing to remove the pages that do not apply to Martin from the PSI, by imposing an excessive sentence, and by denying his I.C.R. 35 motion.

The pages that do not apply to Martin are still in the PSI in the appellate record and there is no notation or addendum reflecting the changes in the record. Martin requests that this Court remand this case to the district court to ensure the removal of the information that does not apply to him in the PSI and that a corrected copy of the PSI is distributed to the Idaho Department of Correction (IDOC). The State agrees to a limited remand to the district court. Consequently, we remand this case to the district court for the limited purpose of ensuring that the pages in the PSI that do not apply to Martin are removed, a copy of the corrected PSI is made part of the district court's record, and the corrected PSI report is transmitted to IDOC in accordance with Idaho Criminal Rule 32. *See State v. Greer*, 171 Idaho 555, 563, 524 P.3d 386, 394 (2023).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Martin's I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho

201, 203, 159 P.3d 838, 840 (2007).  Upon review of the record, including any new information submitted with Martin's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

Martin's judgment of conviction and sentence and the district court's order denying Martin's I.C.R. 35 motion are affirmed.  This case is remanded for the limited purpose of ensuring the removal of the pages noted above and the corrected PSI is distributed to IDOC is appropriate.